**Sylvestre PASSI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney**

General,[1] Respondent.

No. 07–2102–ag.

United States Court of Appeals,
Second Circuit.

Jan. 29, 2008.

Matthew J. Harris, Brooklyn, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Leslie McKay, Senior Litigation Counsel; Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Sylvestre Passi, a native and citizen of the Republic of Congo, seeks review of an April 19, 2007 order of the BIA affirming the August 29, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Passi's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sylvestre Passi,* No. A 95 468 091 (B.I.A. Apr. 19, 2007), *aff'g* No. A 95 468 091 (Immig. Ct. N.Y. City Aug. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, we review the decision of the IJ

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

as supplemented by the BIA. *Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Here, the BIA affirmed the IJ's finding that country conditions had changed in the Republic of Congo such that Passi no longer had a reasonable fear of persecution. We therefore review the IJ's decision with respect to changed country conditions as supplemented by the BIA. *Id.* The IJ pretermitted Passi's asylum application, finding that he failed to demonstrate that he had filed it within one year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). In addition, the IJ concluded that Passi's testimony was not credible. In contrast, the BIA assumed "for the sake of argument" that Passi timely filed his asylum application and testified credibly. We therefore proceed as if Passi's application were timely filed and as if he testified credibly. *See Chen,* 417 F.3d at 271.

This Court reviews the agency's factual findings under the substantial evidence standard. *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). Moreover, we will remand for reconsideration or rehearing (or a new hearing) where the agency's determination was "based on an inaccurate perception of the record, omitting potentially significant facts." *Tambadou v. Gonzales,* 446 F.3d 298, 302 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

We conclude that substantial evidence does not support the agency's determination that a fundamental change in circumstances has occurred in the Republic of Congo sufficient to rebut the presumption that Passi has a well-founded fear of persecution if he returned there. *See* 8 C.F.R. § 1208.13(b)(1). Because the IJ and the BIA both based their conclusions on changed country conditions, the agency implicitly found that Passi had established that he had been subject to past persecution. *Cf.* 8 C.F.R. § 1208.13(b)(1), (b)(1)(i)(A). Accordingly, Passi is presumed to have a well-founded fear of future persecution and thereby to be eligible for asylum, *see* 8 C.F.R. § 1208.13(b)(1), and the agency was required to rebut that presumption by showing that country conditions in the Republic of Congo had sufficiently changed so that Passi no longer had a fear of persecution. *See Jalloh v. Gonzales,* 498 F.3d 148, 151 (2d Cir.2007).

Both the IJ and the BIA erred by relying exclusively on the United States Department of State country reports in finding that Passi no longer had a reasonable basis to fear persecution if he returned to the Republic of Congo. This Court has instructed immigration courts "not to place excessive reliance" on the Department of State country reports. *See Tambadou,* 446 F.3d at 302 (quoting *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004)). We have also instructed immigration courts to consider evidence that is contrary to country reports and to consider the "particular circumstances of the applicant's case demonstrated by testimony and other evidence." *Id.* Both the IJ and the BIA erred in failing to consider contrary evidence and in failing to consider Passi's particular circumstances.

These circumstances include the fact that President Sassou–Nguesso—whose militia was responsible for the severe beating of Passi and the murder of Passi's father, a police officer under the former President Lissouba—remains in power. *Cf. In re O–Z–,* 22 I. & N. Dec. 23, 26–27 (B.I.A.1998). Passi also correctly notes

that the 2004 country report, cited by the BIA, states that "[u]ncontrolled and unidentified armed elements remained active in the Pool region [of the Republic of Congo], despite an ongoing demobilization and reintegration program following the March 2003 Peace Accord between the Government and Pasteur Ntumi's Ninja rebels." In addition, the reports note that some members of the security forces committed human rights abuses, and although there were some "significant improvements" in the Congolese government's human rights record, "serious problems remained," including that security forces were reportedly responsible for "beatings, physical abuse of detainees, rapes," and "arbitrary arrest and detention." Moreover, news articles submitted by Passi describe the deaths of civilians by a resurgent militia in a suburb of Brazzaville, the displacement of 50,000 people in the capital, and clashes between government troops and rebel fighters in the Pool region surrounding Brazzaville, as well as within the capital itself. The agency was required to conduct a more "individualized analysis" of how any changes in Congo would affect Passi's personal circumstances. *See Tambadou*, 446 F.3d at 303.

The Government relies on our holding in *Hoxhallari v. Gonzales* for the proposition that, when making a changed country conditions finding with respect to a country "that is the subject of an appreciable proportion of asylum claims," the agency "need not enter specific findings premised on record evidence." 468 F.3d 179, 187 (2d Cir.2006). In that case, the country in question was Albania, which had produced an appreciable proportion of asylum claims, and the noted change was the wholesale dissolution of the Communist regime. *Id.* Here, in contrast, it is unclear that the Republic of Congo is the subject of an "appreciable proportion of asylum claims." *See id.* Moreover, the changes

in Congo are far less dramatic than the total regime change noted in *Hoxhallari*. Thus, the BIA and IJ were required to provide more than two conclusory sentences to support their conclusion indicating that a fundamental change in circumstances had occurred there. *See id.; see also Tambadou*, 446 F.3d at 303 (stating that the BIA should conduct an "individualized analysis of how changed conditions [would] affect the specific petitioner's situation" (quoting *Borja v. INS*, 175 F.3d 732, 738 (9th Cir.1999) (en banc) (alteration in original))).

The 2004 country report indicates that the civil war in the Republic of Congo ended in the late 1990s and that there were no reports of politically motivated disappearances or political killings by the Congolese government or its political killings by the Congolese government or its detail significant ongoing violence and the agency's decision is not sufficiently detailed to permit meaningful review. In such circumstances, "the proper course, is to remand to the agency for additional investigation or explanation." *Gonzales v. Thomas*, 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006). Because Passi does not challenge in his brief to this Court the denial of his application for withholding of removal and relief under the CAT, our decision expresses no opinion as to the denial of those claims. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

stay of removal in this petition is DIS-MISSED as moot.